LAW LIBRARY/
COMPILER OF LAWS

**IN THE SUPERIOR COURT OF GUAM**

**TRAFFIC COURT DIVISION**

PEOPLE OF GUAM,

    vs.

GLENN LEONARD DAVIS,

            Defendant.

TRAFFIC CASE NO.
~~1C0068196~~
1C00686196

**DECISION AND ORDER
RE MOTION TO DISMISS**

## INTRODUCTION

The matter before the Court came on the People's issuance of a citation against Defendant Glenn Leonard Davies ("Defendant") for a violation of 16 GCA §§ 3325(c) and 16 GCA 7130 on February 27, 2011. On July 11, 2011, Defendant filed a Motion to Dismiss the Citation claiming that because Defendant has a pending criminal matter under Superior Court of Guam Case CM0120-11 based on the same incident giving rise to the traffic citation On February 29, 2012, Defendant's counsel submitted a judgment and plea agreement under his criminal case wherein the Defendant plead guilty to the following criminal offenses: 16 GCA §18102(a) DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL (As a Misdemeanor), and 16 GCA §9107(b) RECKLESS DRIVING WITH INJURIES (As a misdemeanor).

///

//

/

## DISCUSSION AND ORDER

Title 16 GCA §1.26(a)(2) provides as follows:

**§1.26. Double Jeopardy. Different Offense.**

A prosecution of a defendant for a violation of a different provision of the statutes or based on different facts than a former prosecution is barred by such former prosecution under the following circumstances:

(a) the former prosecution resulted in an acquittal or in a conviction as defined in §1.24 and the subsequent prosecution is for:

(2) any offense of which the defendant should have been tried on the first prosecution under Subsection (b) of §65.30 of the Criminal Procedure Code, unless the court ordered a separate trial of the charge of such offense...

In addition, Title 16 GCA §65.30(b) provides that

**§65.30 Joinder of Offenses Encouraged.**

(b)     Except as provided by §65.35, a Defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are know to the prosecuting attorney at the time of the commencement of the first trial."

16 GCA§65.35 is inapplicable in the instant case since there was never any Court order from the prior prosecution granting a severance of offenses into separate trials. Moreover, the prosecuting attorney prosecuting Defendant's prior criminal case must have or should have been aware of the alleged traffic violations against the Defendant at the time the plea agreement was reached with the People of Guam. Accordingly, Double Jeopardy now bars a second prosecution against Defendant for the same conduct and/or criminal episode which gave rise to both the alleged traffic violations in the instant case and the criminal violations under the plea agreement

Defendant reached agreement with the People of Guam.  Accordingly, IT IS ORDERED that Traffic Citation 0686196 against the Defendant is hereby dismissed.

SO ORDERED this _____ day of _____ **May 0 3 2012** _____, 2012.

Original Signed By:
Honorable Benjamin C. Sison Jr.
Traffic/Small Claims Referee

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I hereby certify and acknowledge that this is a true and correct copy of the original on file at the office of the Clerk of the Superior Court of Guam, Guam of Hagåtña, Guam.

May 03 2012

Cynthia T. Tong
Deputy Clerk, Superior Court of Guam